UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL G. SIFUENTES,

    Petitioner,

  vs.

ANTHONY HEDGPETH, Warden,

    Respondent.
                                 /

No. C 07-4465 PJH (PR)

**ORDER STAYING PROCEEDINGS; ORDER TO ADMINISTRATIVELY CLOSE CASE**

    This is a habeas case filed pro se by a state prisoner. Petitioner moves for a stay of proceedings to allow him to exhaust some of his claims in state court.

    District courts have authority to stay mixed petitions to allow exhaustion. *Rhines v. Webber*, 544 U.S. 269, 277 (2005). Such stays can, however, only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Id.*

    As to good cause, petitioner alleges that his counsel failed to inform him of the denial of his petition for review by the California Supreme Court, and in fact concealed from him that it had been denied. He thus had little time to get this petition on file and did not have time to exhaust his additional issue. He has shown good cause for the delay.

    As to whether the issue is "potentially meritorious," petitioner's ineffective assistance of appellate counsel issue is grounds for habeas relief if proved, so his claim is potentially meritorious. *See Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985) (due Process Clause of Fourteenth Amendment guarantees criminal defendant effective assistance of counsel on first appeal as of right).

Petitioner has met the standard set out in *Rhines*. His motion for a stay (document number 2 on the docket) is **GRANTED**. This case is **STAYED** to allow petitioner to present his unexhausted issue or issues in state court, presumably by way of state petitions for habeas corpus. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

The stay is subject to the following conditions:

(1) petitioner must institute state court habeas proceedings within thirty days of this order; and

(2) petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims.

If either condition of the stay is not satisfied, this court may vacate the stay and act on this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section two above.

**IT IS SO ORDERED.**

Dated: September 17, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\sifuentes4465.STAY.wpd

2